DELL, Judge.
The state charged Thomas Gonedes, Jr. with throwing a missile into a structure in violation of section 790.19, Florida Statutes (1990), aggravated assault and two counts of criminal mischief. The trial court granted appellant’s motion to dismiss the second count for criminal mischief and the jury acquitted him of the charge of aggravated assault. He appeals his conviction of throwing a deadly missile into a structure and criminal mischief. We reverse.
Appellant testified that on May 8, 1988, as he drove north on Federal Highway in the extreme right lane, a large brown bird swooped down as if preparing to land on the road in front of him. Appellant attempted to avoid the bird and swerved to the right, his car jumped the curb, and he ended up on the lawn of Saint Coleman’s Catholic Church. Appellant further testified that at that point, he thought he could safely exit by following a path before him, and took this path toward the church. Because the path was blocked by bushes, appellant then attempted to make a U-turn to return to Federal Highway. Appellant believed the car to be in reverse and so he accelerated, when in fact the car was in gear to go forward. As a result, the car went through a set of glass doors in the church. Appellant disengaged the car by putting it in reverse. He then turned the car around and stopped. At that point, several people attending Mother’s Day mass at St. Coleman’s came out of the church and began hitting the car. Appellant, in fear, stepped on the accelerator, went over a retaining wall and drove north on Federal Highway. Appellant testified that he did not intentionally drive his car into the church.
He raises two points on appeal. He contends that the trial court erred in finding him competent to stand trial because he was not afforded the right to counsel at the competency hearings. He also contends that the trial court erred when it adjudicated him guilty of throwing a missile under section 790.19, Florida Statutes (1990). We will only address appellant’s second point on appeal since we find it dispositive.
Section 790.19, Florida Statutes (1990) provides in pertinent part:
Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied ... shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
We find this record devoid of any evidence that would establish that appellant wilfully and maliciously drove his automobile into *1199 the doors of St. Coleman’s Catholic Church. Appellant’s essentially uncontradicted version of the manner in which the accident happened depicts a confused and disoriented operator of an automobile who accidentally drove his automobile into the church doorway. Appellant points out that the trial judge remarked, “God bless [the state attorney] because he sure has imagination, but does that statute [section 790.-19] prohibit you to drive — accidentally drive a car into a church? Is that hurling a missile?”
Based on this record, the trial court’s question must be answered in the negative since the record does not contain sufficient evidence to support the state’s charge that appellant acted wantonly or maliciously in violation of section 790.19 and section 806.-13, Florida Statutes (1990). Accordingly, we reverse appellant’s conviction and sentence and remand this cause to the trial court for entry of a judgment of acquittal.
REVERSED and REMANDED.
GUNTHER, J., and WALDEN, JAMES C. (Retired), Associate Judge, concur.