841 So.2d 469 (2002)
The STATE of Florida, Appellant,
v.
Frank HERNANDEZ, Appellee.
No. 3D02-324.
District Court of Appeal of Florida, Third District.
November 27, 2002.
*470 Richard E. Doran, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellee.
Before JORGENSON, LEVY, and GREEN, JJ.
LEVY, Judge.
The State of Florida appeals from a trial court order granting Defendant's Motion to Suppress Lineup, Showup, Photograph, Other Pre-Trial Confrontation and Courtroom Identification. We reverse.
On February 9, 1999, Manuela Valdez was looking out the window of her second floor apartment when she saw a man jump a fence and force open the patio door of her neighbor's first-floor residence. She left the window, caused the police to be notified, and returned to the window in time to see the man exit her neighbor's residence and jump a fence closer to the street. According to Ms. Valdez, the perpetrator was Caucasian, of medium height and build, not obese, and wearing a white T-shirt with short sleeves. At the hearing on the Motion to Suppress, she testified that she did not see the perpetrator's face but that she did see his profile.
The police arrived about three minutes later. One of the responding officers testified that he chased after the Defendant, and two of the responding officers testified that they yelled "police" and told Defendant to stop, but Defendant did not stop. After apprehending the Defendant, the police drove the Defendant back to the scene of the break-in to have Ms. Valdez identify him. The Defendant was taken out of the vehicle in handcuffs, and Ms. Valdez identified him from 100 feet away. The Defendant was charged by Information with burglary of an unoccupied dwelling, petit theft, criminal mischief, possession of burglary tools, and resisting an officer without violence.
On December 21, 2000, the Defendant filed a "Motion to Suppress Lineup, Showup, Photograph, Other Pre-Trial Confrontation, and Courtroom Identification." The following is the text of the Motion:
THE DEFENDANT, through undersigned counsel, respectfully moves this court to suppress as evidence at the trial: (1) any and all pre-trial identifications of the defendant in police lineups, photographs, showups, or any other confrontations, and (2) all courtroom identifications of the defendant. As grounds for this motion, the defendant states:
1. The lineup, showup, photograph, and other pre-trial identifications of the defendant were obtained by police in violation of the defendant's right to counsel guaranteed by the Sixth Amendment and Due Process Clause of the Fourteenth Amendment to the United States Constitution.
2. The lineup, showup, photograph, and other pre-trial identifications of the defendant were obtained through procedures which were so unnecessarily suggestive and conducive to irreparable mistaken identification as to constitute a *471 denial of due process of law in violation of the defendant's rights guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and by Article I, Section 9, of the Florida Constitution.
3. The line-up, showup, photographs and other pre-trial identifications of the defendant were obtained by the police in violation of the defendant's right against unreasonable search and seizure guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and by Article I, Section 12, of the Florida Constitution.
4. The courtroom identifications of the defendant constitute the "fruit of the poisonous tree" of the prior unconstitutionally conducted pre-trial identifications of the defendant and are accordingly tainted with the same constitutional objections stated in paragraphs 1, 2 and 3.
WHEREFORE, the defendant moves this court to enter its order suppressing all pre-trial identifications of the defendant and to prohibit the State from eliciting from the alleged victims an in-court identification of the defendant at trial of the above-styled cause.
At the hearing on the Motion, the State argued that the motion was legally insufficient because it failed to state the particular evidence to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion was based, as required by Florida Rule of Criminal Procedure 3.190(h)(2). We agree and conclude that the trial court should have denied the motion pursuant to Florida Rule of Criminal Procedure 3.190(h)(3).
Florida Rule of Criminal Procedure 3.190(h)(2) states that "[e]very motion to suppress evidence shall state clearly the particular evidence sought to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion is based." Fla. R.Crim. P. 3.190(h)(2); see also State v. Gibson, 670 So.2d 1006, 1008 n. 2 (Fla. 2d DCA 1996); Chapman v. State, 446 So.2d 1186, 1187 (Fla. 4th DCA 1984); Herring v. State, 394 So.2d 433, 433 (Fla. 3d DCA 1980). Furthermore, Florida Rule of Criminal Procedure 3.190(h)(3) requires the trial court, before hearing evidence, to determine if the motion to suppress is legally sufficient, and to deny the motion if the motion is not legally sufficient. See Fla. R.Crim. P. 3.190(h)(3).
In the instant case, the foregoing Motion to Suppress is legally insufficient because it is devoid of any statement regarding the particular evidence sought to be suppressed, the reasons for suppression, and a general statement of facts on which the motion is based. As correctly stated by the prosecutor to the trial court, "it is more or less a boilerplate motion ...".
As an entirely separate matter, we also hold that the out-of-court identification at issue in the instant case is admissible. The two-part test to determine whether an out-of-court identification may be admitted is (1) whether the police used an unnecessarily suggestive procedure to obtain an out-of-court identification, and (2) if so, considering all the circumstances, whether the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. See Green v. State, 641 So.2d 391, 394 (Fla.1994) (citing Grant v. State, 390 So.2d 341, 343 (Fla.1980), cert. denied, 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981)). In the instant case, although the procedure utilized by the police involved taking the Defendant back to the scene of the break-in to be identified by Ms. Valdez, it was nevertheless a "show-up".
*472 According to the Florida Supreme Court, a show-up is inherently suggestive because a witness is presented with only one suspect for identification, but the procedure is not invalid if it did not give rise to a substantial likelihood of irreparable misidentification under the totality of the circumstances. See Blanco v. State, 452 So.2d 520, 524 (Fla.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985). The factors to be considered in evaluating the likelihood of misidentification "include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
Here, the Record indicates that Ms. Valdez saw the Defendant enter her next door neighbor's home, and that the only times when she lost sight of the Defendant were when the Defendant was in the neighboring house and when the Defendant jumped the fence in an attempt to flee the area. The Record further demonstrates that Ms. Valdez identified the Defendant through the show-up procedure within minutes after the Defendant fled the scene. Based on the foregoing factors, and the circumstances of the identification, we conclude that there was not a substantial likelihood of irreparable misidentification and, thus, the identification is admissible. Accordingly, we reverse and remand to the trial court with instructions to deny the Motion to Suppress.
Reversed and remanded, with instructions.