847 So.2d 1063 (2003)
Mitchel Andre INSIGNARES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2649.
District Court of Appeal of Florida, Third District.
June 11, 2003.
Rehearing Denied June 25, 2003.
Bennett H. Brummer, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for Appellant.
Charles J. Crist, Jr., Attorney General, and Marni A. Bryson, Assistant Attorney General, for Appellee.
Before GREEN and RAMIREZ, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Mitchel Andre Insignares appeals his convictions for attempted first degree murder using a deadly weapon, discharging a firearm in public, and criminal mischief. We reverse the conviction for criminal mischief and affirm the remaining convictions.
Prior to trial, Insignares filed a motion to suppress the show-up identifications by the victims as unduly suggestive and any *1064 subsequent identifications as tainted. The trial court conducted an evidentiary hearing on the motion at which it heard testimony from the victims, two police detectives, Insignares, and Insignares' mother. The trial court concluded that the victims had ample opportunity to observe Insignares during the commission of the crimes, gave accurate descriptions of the perpetrator, and were certain in their identification of Insignares as the perpetrator. No more than three to five hours elapsed between the crimes and the identifications. We find that the motion to suppress the show-up identifications was properly denied.
A show-up identification is not invalid if it does not give rise to an irreparable likelihood of misidentification. "The factors to be considered in evaluating the likelihood of misidentification `include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.'" State v. Hernandez, 841 So.2d 469, 472 (Fla. 3d DCA 2002); see also Henry v. State, 519 So.2d 84, 86 (Fla. 4th DCA 1988) (out-of-court confrontation evidence is admissible if it possesses certain features of reliability).
At the evidentiary hearing, Insignares argued that his participation in the show-up identification was the result of an illegal seizure of his person. However, Insignares testified that he consented to going outside with the detective in order to clear up the matter. We agree with the trial court that Insignares voluntarily participated in the show-up identifications.
Neither do we find that the prosecutor's remarks require reversal. See Cox v. State, 745 So.2d 1127 (Fla. 3d DCA 1999) (even highly improper argument may not warrant reversal in view of overwhelming evidence of guilt). We therefore affirm Insignares' convictions for attempted murder and discharging a firearm in public.
However, we reverse Insignares' conviction for criminal mischief because he lacked the requisite intent. "The offense of criminal mischief requires that the actor possess the specific intent to damage the property of another." In the Interest of J.G., 655 So.2d 1284, 1285 (Fla. 4th DCA 1995). "The intent to damage the property of another does not arise by operation of law where the actor's true intention is to cause harm to the person of another." Id.
Affirmed in part, reversed in part.