ROTHENBERG, Judge.
M.H., a juvenile, appeals from the trial court’s order finding him guilty, withholding adjudication, and placing him on probation for criminal mischief following an adjudicatory hearing. We affirm.
June Peterson, the owner of the motor scooter in question, testified that after riding her scooter on July 29, 2004, she chained it to a tree outside her home. Officer Johns of the Miami-Dade Police Department testified that on that same evening at approximately 7:25 p.m., while on patrol, he heard a loud muffler and observed the appellant riding the scooter with a passenger seated behind him. The scooter had no license tag. Officer Johns activated his lights and siren and attempted to stop the scooter. While both the appellant and his passenger turned and looked at the officer, the appellant refused to stop and attempted to elude the officer by driving through an opening in a fence too small for the officer’s vehicle to drive through. During this maneuver, the appellant hit a parking space bumper and the scooter flipped over, resulting in significant damage to the scooter. The appellant and his passenger who fled on foot, were subsequently apprehended. Ms. Peterson testified that the scooter the appellant was riding belonged to her, and that it was in perfect condition when she chained it to the tree. She stated that when she identified it the next day, it was totaled. The battery had fallen out, the odometer was broken, the ignition was damaged, the wires “were hanging,” and it could not be driven.
The appellant was charged with and convicted of criminal mischief in violation of section 806.13(l)(a), Florida Statutes (2004), which provides that:
A person commits the offense of criminal mischief if he or she willfully and maliciously injures or damages by any means any real or personal property belonging to another....
In the appellant’s brief, the appellant’s attorney argued that criminal mischief is a specific intent crime because the statute requires the State to prove a willful and malicious intent to injure or damage the property. As there was insufficient evidence to support a finding that the appellant specifically intended to damage the scooter, the appellant’s attorney argued that the trial court erred in denying the appellant’s motion for judgment of acquittal. We disagree. Criminal mischief is not a specific intent crime, it does not require proof of a specific intent to injure or damage the property, and at oral argument the appellant’s attorney, to her credit, recognized that criminal mischief is not a specific intent crime and properly conceded that it is not.
The jury instructions specifically provide that:
*3 “Willfully” means intentionally, knowingly, and purposely.
“Maliciously” means wrongfully, intentionally, without legal justification or excuse and with the knowledge that injury or damage will or may be caused to another person or the property of another person.
Fla. Std. Jury Instr. (Crim.) 12.4 (emphasis added).
We begin with the premise that our legislature is fully cognizant of the general intent/specific intent dichotomy, and when it intends to create a specific intent crime, it explicitly does so. For example, burglary is the “[e]ntering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein-” § 810.02(l)(b), Fla. Stat. (2004)(emphasis added). It is a specific intent crime because it requires that the “entering or remaining in” be with the intent to commit a crime. It is this specific intent which distinguishes burglary from a simple trespass, which requires no such intent. Likewise, the crime of possession of burglary tools is a specific intent crime, as it provides that “[wjhoever has in his or her possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree ....”§ 810.06, Fla. Stat. (2004)(emphasis added). What makes possession of burglary tools a specific intent crime is the requirement that the person not simply have these tools in his/her possession, but that he/she actually intends to use them to commit a burglary or trespass. Specific intent is also what separates a first degree premeditated murder from second degree murder. First degree premeditated murder requires a premeditated intent to kill, whereas second degree murder requires an intentional act done from ill will, hatred, spite or an evil intent without a specific intent to kill. § 782.04(2), Fla. Stat. (2004).
Criminal mischief is similar to the general intent crime of second degree murder, in that it requires an act that is willful (intentional) and wrongful (with evil intent and the knowledge that injury or damage will or may be caused). If the legislature had intended to create a specific intent crime, it would have done so by specifying that the crime is committed if the person “willfully and maliciously does an act with the intent to injure or damage by any means any real or personal, property belonging to another.... ” It, however, did not include any specific intent language.
The District of Columbia Court of Appeals, in Carter v. United States, 531 A.2d 956 (D.C.1987), addressed the accuracy and completeness of a jury instruction for malicious destruction of property, a crime similar to our criminal mischief, and in doing so, specifically found that the malicious destruction of property does not require specific intent.
The case law makes clear, however, that malice is not synonymous with, and does not require, a specific intent to injure or destroy the property.... All that is required is a conscious disregard of a known and substantial risk of the harm which the statute is intended to prevent. [T]he only intent required to be proven is the intent to do the act which results in the injury-in other words, a general intent.
Carter, 531 A.2d at 962.
While malice does not require a specific intent to damage the property, malice cannot be presumed based upon a finding of property damage. Therefore, one must look to the circumstances surrounding the conduct which caused the damage, to determine whether the element of malice was present. J.R.S. v. State, 569 *4 So.2d 1323, 1325 (Fla. 1st DCA 1990). For example, the Fourth District reversed a defendant’s conviction for criminal mischief in Gonedes v. State, 574 So.2d 1198 (Fla. 4th DCA 1991), based upon a finding that the act which caused the damage was an accidental act, rather than one committed wantonly or maliciously. The uncon-troverted evidence was that the defendant drove through a set of glass doors and into a church when he accidentally accelerated forward, believing he was in reverse. Since Gonedes did not intend to commit the act (driving forward) which caused the damage, the element of malice was not proven. Gonedes, 574 So.2d at 1199; see also K.G. v. State, 330 So.2d 519 (Fla. 1st DCA 1976)(reversing conviction for vandalism based upon trial court’s finding that the window in question was broken accidentally).
Likewise, the doctrine of transferred intent cannot sustain a conviction for criminal mischief. Thus, “[t]he intent to damage the property of another does not arise by operation of law where the actor’s true intention is to cause harm to the person of another.... [T]he criminal mischief statute requires that the offender act against the property of another willfully and with malice....” In re J.G., 655 So.2d 1284, 1285 (Fla. 4th DCA 1995)(em-phasis added); see also Sanchez v. State, 909 So.2d 981, 985 (Fla. 5th DCA 2005)(finding that where defendant, with ill will and malice toward a store clerk attempted to rob him, and in the process damaged the clerk’s telephone, there was insufficient evidence that the ill will or malice was in any way redirected from the clerk to the telephone); Insignares v. State, 847 So.2d 1063 (Fla. 3d DCA 2003)(reversing conviction for criminal mischief based upon insufficient intent to damage the property of another; holding that “ ‘[t]he intent to damage the property of another does not arise by operation of law where the actor’s true intention is to cause harm to the person of another’ ”)(quoting In re J.G., 655 So.2d at 1285).
In the instant case, the appellant’s act of driving the scooter through an opening in a fence in order to elude the police was an intentional act, not an accident, as was the case in Gonedes, J.R.S., and K.G. This is also not a case of transferred intent, as in In re J.G., Sanchez, and Insignares. The appellant’s actions were willful and intentional, and were directed toward the scooter, not the owner of the scooter or any other person or property. While there is no evidence of a specific intent to injure or destroy the property, no such specific intent is required. Because we find, as did the jury, that there is sufficient record evidence to establish that the appellant willfully (intentionally, knowingly, and purposely), and maliciously (wrongfully, intentionally, without legal justification or excuse) committed an act (drove the scooter through a narrow opening in a fence in an attempt to elude the police), with the knowledge that injury or damage will or may be caused, we conclude that there was sufficient evidence presented to sustain the appellant’s conviction for criminal mischief.
Affirmed.