PER CURIAM.
H.F., a juvenile, appeals the trial court’s judgment for petit theft and criminal mischief. We affirm the judgment for petit theft, and reverse the judgment for criminal mischief.
H.F. and the victim were involved in a road rage traffic altercation. H.F. left the scene while the victim attempted to call the police. Three days later, the victim recognized H.F. at a mall and pulled out her phone to call the police. H.F. shouted to the victim that she better not take his picture. He then purposefully bumped into the victim and grabbed her phone, which she had attached to her wrist. The phone broke in half as H.F. fled.
Thereafter, the State charged H.F. with petit theft and criminal mischief. After trial, the trial court found H.F. guilty on both charges. H.F. now appeals both judgments.
Turning first to the petit theft, we determine that there was sufficient competent substantial evidence to support the petit theft, and therefore, we affirm the judgment. See Collins v. State, 446 So.2d 268 (Fla. 2d DCA 1984).
Turning next to the criminal mischief judgment, it is a necessary element of the crime of criminal mischief, that the defendant willfully and maliciously injures or damage real or personal property belonging to another. § 806.13(l)(a), Fla. Stat. (2003). The defendant argues that the State did not meet its burden on this element. We agree.
After reviewing the evidence presented in the light most favorable to the State, we conclude that the evidence is insufficient to support a finding that the defendant intended to damage or destroy the telephone as opposed to acting with malice towards the victim. See Sanchez v. State, 909 So.2d 981 (Fla. 5th DCA 2005) (acting with malice toward the person of the owner of the property is not enough to support a conviction for criminal mischief); Insignares v. State, 847 So.2d 1063 (Fla. 3d DCA 2003); In Interest of J.G., 655 So.2d 1284 (Fla. 4th DCA 1995); cf. M.H. v. State, No. 3D05-1357, — So.2d -, 2006 WL 860974 (Fla. 3d DCA Apr. 5, 2006) (willfully driving a stolen scooter through a fence with knowledge that the scooter may be damaged was sufficient evidence to support a conviction of criminal mischief). Therefore, we reverse the judgment on this charge.
Accordingly, we affirm the judgment for petit theft, and reverse the judgment for criminal mischief.
Affirmed in part, and reversed in part.