COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria


FRANKLYN NUNEZ, S/K/A
  FRANKLYN A. NUNEZ
                                                            MEMORANDUM OPINION[*] BY
v.      Record No. 2297-05-4                         JUDGE ROSEMARIE ANNUNZIATA
                                                                    APRIL 3, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
John E. Kloch, Judge

Bradley R. Haywood, Assistant Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        Appellant, Franklyn Nunez, appeals his conviction for felony destruction of property

pursuant to Code § 18.2-137, arguing:  (A) the property damage was an unintended result of an

intentional, unlawful, but non-felonious act, therefore he could only be convicted of a

misdemeanor rather than a felony; and (B) the trial court erred in applying the doctrine of

transferred intent.  For the following reasons, we affirm.

                                         BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence proved that appellant drove into

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

a parking lot and parked his vehicle in front of Manuel Barahona-Lopez's parked car. Barahona-Lopez was seated in the driver's seat, and Iris Rossis in the front passenger seat. Appellant exited his vehicle and ordered Rossis to exit, which she did. Barahona-Lopez backed up his car and drove around appellant's vehicle. Appellant followed and hit Barahona-Lopez's car with his vehicle. Barahona-Lopez stopped, exited and told appellant he did not want any problems, but expected appellant to pay for the damage. Appellant went to the trunk of his vehicle and removed an object. Frightened, Barahona-Lopez drove away. Appellant followed and struck the rear of Barahona-Lopez's car during the chase. When Barahona-Lopez turned into a parking lot, appellant followed. In the parking lot, appellant struck Barahona-Lopez's car three more times. The third collision caused Barahona-Lopez's car to hit a parked Jeep belonging to Michael Brookbank.

Officer Ground saw the pursuit and observed appellant's vehicle strike Barahona-Lopez's car. According to Ground, appellant's vehicle "appeared to be traveling in that parking lot around 15 to 20 miles an hour going around bends at a very high rate of speed."

An insurance adjustor inspected the damage to Brookbank's Jeep. He testified that the Jeep required $1,993.35 in repairs as a result of the collision.

DISCUSSION

A. Whether Damage to Jeep Was Result of Intentional Act so as to Constitute Felony

Code § 18.2-137, provides, in pertinent part:

> A. If any person unlawfully destroys, defaces, damages or removes without the intent to steal any property, real or personal, not his own, . . . he shall be guilty of a Class 3 misdemeanor . . . .
>
> B. If any person intentionally causes such injury, he shall be guilty of (i) a Class 1 misdemeanor if the value of or damage to the property . . . is less than $1,000 or (ii) a Class 6 felony if the value of or damage to the property . . . is $1,000 or more.

Under Code § 18.2-137(A), if a person unlawfully damages property, it is a Class 3 misdemeanor. However, under Code § 18.2-137(B), if a person intentionally causes such damage, it is a Class 1 misdemeanor or a Class 6 felony, depending on the amount of damage.[1] After hearing evidence and argument, the trial court convicted Nunez of the Class 6 felony.

Nunez focuses on the *mens rea* required to establish the offenses under Code § 18.2-137(A) and (B), arguing that subsection (A) distinguishes an act that is "reckless, criminally negligent, or otherwise non-felonious" from an act that is "intentional" under subsection (B). Nunez admits he committed an intentional act when he hit Barahona-Lopez's car. However, relying on this Court's decision in Crowder v. Commonwealth, 16 Va. App. 382, 429 S.E.2d 893 (1993), he reasons that, because this Court held in Crowder that the *unintended* consequences of a "reckless, criminally negligent or otherwise non-felonious act" can sustain a conviction for the felonious destruction of property under an earlier version of Code § 18.2-137, it follows that the consequences of an intentional act under Code § 18.2-137(B) must be *intended* in order to sustain a conviction.[2] He further reasons that, although he intended to hit Barahona-Lopez's car, the conviction must be reversed because he did not intend to injure or

---

[1] The range of punishment for a Class 6 felony is "a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both." Code § 18.2-10(f). The range of punishment for a Class 1 misdemeanor is "confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both." Code § 18.2-11(a).

[2] The specific question he presents on appeal is whether "the trial court err[ed] in ruling that the unintended result of an *intentional*, unlawful, but not felonious *act* constituted the felony of intentional destruction of property." (Emphasis added.) To the extent Nunez may have intended this question to raise the argument that Code § 18.2-137(B) requires the underlying predicate intentional act to be a felony, and, thus, an element the Commonwealth failed to prove, appellant failed to raise this issue in the trial court. Accordingly, Rule 5A:18 bars our consideration of such an argument. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

damage Brookbank's Jeep as a consequence. In essence, he argues that the legislature established a specific intent crime under Code § 18.2-137(B) and that the Commonwealth had to prove he specifically intended the damage to Brookbank's Jeep to sustain a conviction. We disagree.

To address Nunez's argument on appeal, we must analyze specific and general intent crimes. Specific intent is defined as the "intent to accomplish the precise criminal act that one is later charged with." Winston v. Commonwealth, 268 Va. 564, 600, 604 S.E.2d 21, 41 (2004), cert. denied, 126 S. Ct. 107 (2005). General intent, on the other hand, is defined as the "intent to perform an act even though the actor does not desire the consequences that result." Id.

Whether the crime at issue requires proof of specific or general intent is manifested by the terms of the statute establishing the offense. "It is elementary that where . . . the statute makes an offense consist of an act combined with a particular intent, proof of such intent is as necessary as proof of the act itself and must be established as a matter of fact." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979); see also Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975); People v. Hood, 462 P.2d 370, 375-76 (Cal. 1969) (explaining that where crime consists of an act without reference to intent to do further act or achieve future consequence, the court asks only if defendant intended to do the proscribed act and that intention is deemed general intent; when definition of crime refers to intent to do some further act or achieve additional consequence, the crime is deemed one of specific intent).

In M.H. v. State, 936 So. 2d 1 (Fla. Dist. Ct. App. 2006), for example, the defendant was convicted of criminal mischief after stealing a motor scooter and damaging it when he attempted to elude a pursuing police cruiser by driving the scooter through an opening in a fence. Id. at 2. The scooter flipped over resulting in significant damage. Id. Under the statute, a person

commits "'criminal mischief if he or she willfully and maliciously injures or damages by any means any real or personal property.'" Id. (quoting Fla. Stat. § 806.13(1)(a) (1994)). The defendant argued that the statutory crime for which he was prosecuted and found guilty was "a specific intent crime" because it "require[d] the State to prove a willful and malicious intent to injure or damage the property." Id. Because there was insufficient evidence of a specific intent to injure the scooter, M.H. argued the trial court erred in denying his motion for a judgment of acquittal. Id. The Florida Court of Appeals affirmed the conviction, holding that the crime was a general intent crime that simply required "an act that is willful (intentional) and wrongful (with evil intent and the knowledge that injury or damage will or may be caused)." Id. at 3.

We hold that Code § 18.2-137(B) establishes a general intent crime and that the evidence in this case fully supports the finding that the defendant intentionally caused injury or damage to Brookbank's Jeep. See David v. Commonwealth, 2 Va. App. 1, 4, 340 S.E.2d 576, 578 (1986) (holding that criminal intent may result from doing intentional act that has inherent potential of doing harm). The requisite intent may be determined from "'the outward manifestation of [a person's] actions leading to usual and natural results, under the peculiar facts and circumstances disclosed.'" Hughes v. Commonwealth, 18 Va. App. 510, 519-20, 446 S.E.2d 451, 457 (1994) (quoting Ingram v. Commonwealth, 192 Va. 794, 801-02, 66 S.E.2d 846, 849 (1951)). Furthermore, Virginia law recognizes that "the fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts." Moody v. Commonwealth, 28 Va. App. 702, 706-07, 508 S.E.2d 354, 356 (1998).

Here, the "outward manifestations" of Nunez's intent were his intentional and willful chase as Barahona-Lopez drove his car away from him and his deliberate and continuing ramming of Barahona-Lopez's car during the chase in a crowded parking lot. Such conduct led to a result that was "usual and natural," namely, Barahona-Lopez lost control of his car and

damaged other property. In short, the damage to the Jeep was the immediate, direct and necessarily foreseeable consequence of appellant's intentional acts. See id.; Hughes, 18 Va. App. at 519-20, 446 S.E.2d at 457. Accordingly we hold that, in evaluating the evidence and drawing reasonable inferences from it, the trial court properly convicted appellant under Code § 18.2-137(B). "[W]hen the fact finder draws . . . inferences [regarding the intent formed in a person's mind] reasonably, not arbitrarily, they will be upheld." Moody, 28 Va. App. at 707, 508 S.E.2d at 356. We will not disturb a factual finding by the trial court unless it is "plainly wrong or unsupported by the evidence." Riner v. Commonwealth, 268 Va. 296, 320, 601 S.E.2d 555, 568 (2004). This standard "gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

After the trial court determined that appellant acted with the requisite intent pursuant to Code § 18.2-137(B), the only matter left to determine was whether the resultant damage was in excess of $1,000 so as to constitute a Class 6 felony, rather than a Class 3 misdemeanor. The testimony of the insurance agent established the damages were greater than $1,000.

Therefore, the trial court's decision was not plainly wrong or without evidence to support it.

### B. Transferred Intent

Appellant contends "[e]ven if the [trial] court determined [transferred intent] applicable to destruction of property cases," it would not apply in this case.

Because the damages to Brookbank's Jeep were the immediate, direct, and necessary consequences of appellant's intentional acts, the trial court did not need to rely on the doctrine of transferred intent. Therefore, assuming without deciding the trial court relied on the doctrine of transferred intent, we find it was unnecessary to do so under the facts of this case. The evidence

- 6 -

established that the damage to Brookbank's Jeep caused when appellant struck

Barahona-Lopez's car was a foreseeable consequence of his intentional acts under Code

§ 18.2-137(B).

    Accordingly, the decision of the trial court is affirmed.

Affirmed.
