RAMIREZ, J.
Mitchell Insignares appeals the circuit court’s five-page order entered after an evidentiary hearing, denying his motion for post-conviction relief pursuant to his sworn Rule 3.850 motion, in which he raised sixteen issues. We affirm in all respects and discuss only the most salient points.
Insignares was charged by information with attempted first degree murder with a deadly weapon, criminal mischief, discharging a firearm in public, possession of a firearm by a convicted felon, armed robbery, and attempted armed robbery. He was convicted of attempted first degree murder with a firearm, criminal mischief, and discharging a firearm in public, and sentenced to 40 years on the attempted first degree murder with a firearm count, five years on the criminal mischief count, and one year on the discharging a firearm count. He was also sentenced to a 20-year minimum mandatory as a habitual felony offender. He was thereafter re-sentenced on all counts to 27 years on the attempted first degree murder with a firearm count, five years on the criminal mischief count, and five years on the discharging a firearm count. The entry of sentence on the discharging a firearm count was suspended. He was also sentenced to a 20-year minimum mandatory for possession of a firearm.
Insignares appealed. We affirmed in all respects except for the criminal mischief conviction, which was reversed. See Insignares v. State, 847 So.2d 1063 (Fla. 3d DCA 2003). The trial court vacated Insig-nares’ verdict, judgment, and sentence for the criminal mischief offense. Thereafter, he entered a plea of guilty to the offenses of possession of a firearm by a convicted felon and attempted armed robbery and was sentenced to 12 years on both counts with a three-year minimum mandatory as to the possession of a firearm count and ten-year minimum mandatory as to the attempted armed robbery count.
The first issue Insignares raises on this appeal is whether his trial counsel was ineffective for failing to request a mistrial after the jury was informed of all the charges against him. His counsel, Theodore Mastos, moved to sever Counts V and VI on the day of trial, the trial court deferred ruling, and the case proceeded with jury selection. After voir dire, the trial court severed the charges, and all parties agreed that the trial court would give curative instructions to the jury about *682 only considering Count I, II, and III. When the jury returned, the trial court stated:
So at this time, you know that you have been sworn to try the case of the State ' of Florida versus Mitchéll Insignares. You know this is a criminal case. And the defendant in this case is charged with first degree — attempted first-degree murder, criminal mischief, and discharging a firearm in public.
I think that during the voir dire, I might have said something about armed burglary. That is not what he is charged with.
He is charged with attempted first-degree murder. You understand? There was a firearm allegedly involved, et cet-era. But you will hear the circumstances of it when you hear the testimony.
At the evidentiary hearing, Mastos testified to several strategic reasons for not moving for a mistrial at that point. The trial court found that counsel’s conduct was within the range of reasonable professional assistance. The State has suggested that had Mastos moved to sever earlier, it would have sought to introduce the armed robbery as Williams[1] rule evidence. Part of the problem was that during jury selection, the trial court had not yet ruled on the motion to sever. Thus, the delay in severing the count was an issue that could have been raised on direct appeal and is not cognizable under rule 3.850. See, e.g., Cherry v. State, 659 So.2d 1069, 1072 (Fla.1995) (stating that a defendant on postcon-viction may not “counter the procedural bar” on issues that were or could have been raised on direct appeal by “coueh[ing] his claim ... in terms of ineffective assistance of counsel in failing to preserve or raise those claims”). [1]
Even though trial counsel moved for a mistrial based on a sleeping juror, Insig-nares argues that his attorney was ineffective for failing to request a colloquy with the sleeping juror. We find no merit to this point. The record demonstrates that defense counsel alleged that the juror was nodding during the closing and the reading of the jury instructions. There is no allegation that she nodded through the presentation of evidence during the trial. Additionally, both the defense and the court stated that the juror was nodding or falling asleep but still awake. Thus, the allegation that there was a sleeping juror is not supported by the record.
Insignares next argues that Mastos failed to present an alibi witness, Rosa Sanchez, at trial although Insignares had told Mastos of the witness. This claim was rejected by the trial court based on credibility of the witnesses that testified as to this issue, a finding supported by the record. The trial court properly held that Mastos was not ineffective in presenting alibi witnesses. Stephens v. State, 748 So.2d 1028, 1034-35 (Fla.1999).
Finally, Insignares argues that it was fundamental error to sentence him to the 20-year mandatory minimum for purposes of a firearm, because no special interrogatory verdict form was used. Insig-nares raises this issue for the first time on appeal. This sentencing issue, however, cannot be determined based on the record before us which does not contain the verdict form and sentencing transcript. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979)(without a record of the proceedings below, an appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative *683 theory). We thus decline to review Insig-nares’ sentencing issue without prejudice to him to raise the issue before the trial court. We also decline to discuss the remaining issues on appeal because we find them to be meritless.
Affirmed.

. Williams v. State, 110 So.2d 654 (Fla.1959).