COPE, J.
W.F. appeals an adjudication of delinquency finding that he had committed the offense of criminal mischief. We conclude that the evidence was legally insufficient and reverse the adjudicatory order.
The State charged W.F. with malicious mischief because he broke the door handle on an exit door at his school. The underlying facts are that W.F. was removed from the school cafeteria and sent to the school executive director’s office. W.F.’s family was contacted. Soon thereafter, his aunt, two sisters, and a brother arrived at the school. While in the executive director’s office, the family members became angry and began cursing. The family members were asked to leave and police officers escorted them out of the front of the building. The school’s assistant executive director locked the front double doors so that the family could not reenter.
W.F., who is eleven years old, was still inside the building. He began to scream that the police officers were hurting his *1173 family. The assistant executive director told W.F. that his family was okay.
W.F. ran to the double doors, which have a “bar” type of exit handle about thirty-six inches wide. This is the type which commonly is depressed to open the door. However, as already stated, the doors had been locked in the closed position by the assistant executive director.
W.F. grabbed the bar and pulled it up and down six or seven times. The mechanism broke, allowing the bar to come out. The trial court found that W.F. had committed malicious mischief, withheld adjudication, and ordered W.F. to pay restitution. This appeal follows.
By statute, “[a] person commits the offense of criminal mischief if he or she willfully and maliciously injures or damages by any means any real or personal property belonging to another .... ” § 806.13(l)(a), Fla. Stat. (2006). This court has held that malicious mischief is a general intent crime. M.H. v. State, 936 So.2d 1, 2 (Fla. 3d DCA 2006).
The M.H. court held that “willfully” means “intentionally, knowingly, and purposely.” Id. at 3. “Maliciously” means “wrongfully, intentionally, without legal justification or excuse and with the knowledge that injury or damage will or may be caused to another person or the property of another person.” Id. “While malice does not require a specific intent to damage the property, malice cannot be presumed based upon a finding of property damage.” Id. The court “must look to the circumstances surrounding the conduct which caused the damage, to determine whether the element of malice was present.” Id. (citation omitted).
The trial court found that W.F. did not specifically intend to cause damage to the door. However, the court ruled that the statutory elements were satisfied.
We conclude that the evidence was legally insufficient. To act “maliciously” for purposes of this statute, the offender must act “wrongly, intentionally, without legal justification or excuse and with the knowledge that injury or damage will or may be caused to another person or the property of another person.” Id. In this case, W.F. was attempting to exit the door of the school to join his family members who had been escorted' outside by the police. He attempted to operate the door by its handle by repeatedly pressing the handle up and down. W.F.’s attempt to exit through this door did not satisfy the definition of “maliciously” for purposes of the statute. The State’s argument boils down to a claim that W.F. should have known if he repeatedly attempted to operate the door handle, it would eventually break. The State never established how W.F. should have known that. This is not a situation in which W.F. struck the door with an object, attempting to break it. The State attempts to establish malice based on the fact that the door broke, but as already stated, “malice cannot be presumed based upon a finding of property damage.” Id.
For the stated reasons, we reverse the order finding that W.F. committed the offense of malicious mischief. Since the restitution order was based on the finding of malicious mischief, we reverse the restitution order. We remand with directions to discharge W.F. from the cause.
Reversed and remanded.