# Third District Court of Appeal

### State of Florida

Opinion filed December 31, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-1016
Lower Tribunal No. 12-7717
_____

**James Walker,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.

Before SUAREZ, LAGOA, and SCALES, JJ.

LAGOA, J.

The defendant, James Walker ("Walker"), appeals from a final judgment of conviction and sentence for burglary with a battery and criminal mischief. As to

Walker's claim of fundamental error based upon allegedly improper comments made by the prosecutor in closing argument, we affirm without discussion. See Davis v. State, 136 So. 3d 1169 (Fla. 2014); Braddy v. State, 111 So. 3d 810 (Fla. 2012), cert. denied, 134 S. Ct. 275 (2013). We reverse, however, Walker's conviction for criminal mischief and remand for his discharge on this count.

I. FACTUAL AND PROCEDURAL HISTORY

Walker was charged with burglary with a battery as well as criminal mischief. The charges stemmed from an incident on March 22, 2012, in which Walker had an altercation with Errol Tilwaites ("Tilwaites"), who was the security guard at an apartment complex. During the course of the incident Walker pushed Tilwaites into the apartment complex's gatehouse. As a result of the push, Tilwaites landed against a glass door which completely shattered. At the close of the defense case, Walker moved for a judgment of acquittal as to the criminal mischief charge. The trial court denied the motion.

II. STANDARD OF REVIEW

This Court reviews a trial court's ruling on a motion for judgment of acquittal under a *de novo* standard of review. Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002). It is well settled that if, after construing the evidence in a light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, the conviction will be sustained. Id.; see also Jenkins v. State, 1 So. 3d

317, 320-21 (Fla. 3d DCA 2009) ("[T]he State . . . is required during its case in chief to present a prima facie case of guilt through the offer of competent substantial evidence on each element of the crime . . . failing which the accused is entitled to a judgment of acquittal . . . .") (citations omitted).

III.    ANALYSIS

Walker was charged with and convicted of criminal mischief, in violation of section 806.13(1)(b)2, Florida Statutes (2012), which provides as follows:

> (1)(a) A person commits the offense of criminal mischief if he or she **willfully and maliciously injures or damages by any means any real or personal property belonging to another**, including, but not limited to, the placement of graffiti thereon or other acts of vandalism thereto.
> (b)1. If the damage to such property is $200 or less, it is a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
> 2. If the damage to such property is greater than $200 but less than $1,000, it is a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(emphasis added).  In M.H. v. State, 936 So. 2d 1, 3 (Fla. 3d DCA 2006), this Court held that criminal mischief is a general intent crime, and that "[w]hile malice does not require a specific intent to damage the property, malice cannot be presumed based upon a finding of property damage."  In order to determine whether the element of malice was present, "one must look to the circumstances surrounding the conduct which caused the damage." Id.; accord J.R.S. v. State, 569 So. 2d 1323, 1325 (Fla. 1st DCA 1990).

3

Significantly, this Court also recognized in <u>M.H.</u> that "the doctrine of transferred intent cannot sustain a conviction for criminal mischief." 936 So. 2d at 4. In other words, the criminal mischief statute requires that when a defendant acts with malice toward another person, rather than toward property, that malice does not transfer to the property. <u>Id.</u> at 5; <u>see also</u> <u>H.F. v. State</u>, 927 So. 2d 163, 164 (Fla. 3d DCA 2006) (concluding that "the evidence is insufficient to support a finding that the defendant intended to damage or destroy the telephone as opposed to acting with malice towards the victim"); <u>Sanchez v. State</u>, 909 So. 2d 981, 985 (Fla. 5th DCA 2005) (finding that the State failed to prove the crime of criminal mischief where the defendant, with ill will and malice toward a store clerk attempted to rob him and in the process the clerk's telephone was damaged); <u>In re J.G.</u>, 655 So. 2d 1284, 1285 (Fla. 4th DCA 1995) ("[T]he criminal mischief statute requires that the offender act against the property of another willfully and with malice . . . .").

Given this, we find that the trial court erred in denying Walker's motion for judgment of acquittal on the charge of criminal mischief. Viewing the evidence in the light most favorable to the State, the State failed to present competent, substantial evidence that Walker acted with malice toward the property at issue (the glass door), rather than toward Tilwaites. The evidence at trial established that Walker pushed Tilwaites. As a result of being pushed, Tilwaites landed against a glass door and the glass door shattered.

Even viewed in the light most favorable to the State, the circumstances surrounding Walker's conduct establish only that he acted with malice toward the person of Tilwaites. Because the malice directed toward Tilwaites cannot be transferred to the glass door, M.H., 936 So. 2d at 4, the evidence presented by the State was insufficient to sustain a conviction of criminal mischief. See H.F., 927 So. 2d at 164. As a result, Walker's conviction and sentence for criminal mischief must be reversed and the matter remanded for his discharge on this count.

IV.    CONCLUSION

Because the State failed to prove the crime of criminal mischief, we reverse Walker's conviction and sentence for that crime and the cause remanded for his discharge on that count. Walker's conviction and sentence for burglary with a battery is otherwise affirmed.

Affirmed in part, reversed in part, and remanded with directions.