PER CURIAM.
*1010 Affirmed. See § 776.051(1), Fla. Stat. (2017) (providing that a person "is not justified in the use or threatened use of force to resist an arrest by a law enforcement officer"); Polite v. State, 973 So.2d 1107, 1117 (Fla. 2007) (observing that section 776.051(1) abrogates the common law right in Florida to resist an illegal arrest with force, and "forecloses the defense of justifiable use of force by a defendant who resists an arrest by a law enforcement officer") (quoting Tillman v. State, 934 So.2d 1263, 1269 (Fla. 2006) ); M.H. v. State, 936 So.2d 1 (Fla. 3d DCA 2006) (holding criminal mischief is not a specific intent crime, but requires proof of an act that "is willful (intentional) and wrongful (with evil intent that injury or damage will or may be caused)"); Mosher v. State, 750 So.2d 120 (Fla. 3d DCA 2000) (observing: "It is a well-established principle of law that the issue of felonious intent or state of mind of the defendant is generally a jury question that, in most instances, cannot be ascertained by direct proof, but must be inferred from the surrounding circumstances"). See also Crain v. State, 894 So.2d 59, 71 (Fla. 2004) (observing: "[T]he weight of the evidence and the witnesses' credibility are questions solely for the jury. It is not this Court's function to retry a case or reweigh conflicting evidence submitted to the trier of fact").