# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0381
Lower Tribunal Nos. 18-879-A-P, 19-0015-A-P
_____

**Humberto Hernandez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Monroe County, Sharon I. Hamilton, Judge.

The Upson Law Group, P.L., and Keith W. Upson (Naples), for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General; Dennis W. Ward, State Attorney, and Paul J. Vargo, Assistant State Attorney, for appellee.

Before EMAS, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Appellant Humberto Hernandez appeals a judgment and sentence entered after a jury found him guilty of three counts of possessing undersized snapper and one count of possessing more than ten snapper in violation of Florida Administrative Code Rules 68B-14.0035(7) and 68B-14.0036(1)(a). On appeal, Hernandez argues the trial court erred in denying his motion for acquittal because the State failed to present sufficient evidence to establish his guilt.

During trial, the court excluded photographs of the snapper at issue because they did not comply with section 379.3381, Florida Statutes (2021), which permits the State to admit into evidence photographs of illegally taken fish and wildlife.[1]   After the State's case-in-chief, Hernandez moved for

---

[1] Section 379.3381 provides that:

> In any prosecution for a violation of this chapter, any other chapter, or rules of the commission, a photograph of illegally taken wildlife, freshwater fish, or saltwater fish may be deemed competent evidence of such property and may be admissible in the prosecution to the same extent as if such wildlife, freshwater fish, or saltwater fish were introduced as evidence. Such photograph shall bear a written description of the wildlife, freshwater fish, or saltwater fish alleged to have been illegally taken, the name of the violator, the location where the alleged illegal taking occurred, the name of the investigating law enforcement officer, the date the photograph was taken, and the name of the photographer. Such writing shall be made under oath by the investigating

judgment of acquittal on all four counts.  The court denied the motion.

Hernandez timely appealed.  We review a trial court's ruling on a motion for

judgment of acquittal de novo. <u>Walker v. State</u>, 154 So. 3d 448, 450 (Fla. 3d

DCA 2014).

The only issue on appeal is whether the State introduced sufficient

evidence of guilt.  At trial, the State relied solely on the testimony of one of

the officers, who testified as follows:

> Q. Were you able to measure the fish?
>
> A. I was. I measured every single fish that I was
> given to me from the vessel.
>
> Q. Okay. And what's the legal size limit of yellowtail
> snapper?
>
> A. Yellowtail has to be 12 inches total length . . . .
>
> Q. And when you measured those two yellowtail,
> were they of length?
>
> A. They were not. They were undersized, grossly
> undersized.
>
> Q. The 18 mutton snapper you found, talk to us
> about those.

---

law enforcement officer, and the photograph shall be
identified by the signature of the photographer.

On appeal, the State does not challenge this ruling.

3

A. Those, they were grossly undersized also. They were very tiny. They were definitely under eighteen inches. They had to be eighteen inches in total length and they were not.

Q. And what about the lane snapper?

A. Lane snappers, they only have to be eight inches, so relatively small, but every one of those was undersized also.

Q. In the State of Florida how many snapper are you allowed to catch?

A. So there's an aggregate bag. So there's a combination there of snappers. You can have some yellowtail, some mangrove, some muttons. But it's a combination there of ten -- or ten snappers total. It's an aggregate bag.

Q. You can only have ten?

A. Ten.

Hernandez argues that the best evidence rule required that either the physical snapper or photographs of the snapper be admitted into evidence under G.E.G. v. State, 417 So. 2d 975 (Fla. 1982). The best evidence rule "requires that when the contents of a writing, recording or photograph are being proved, the original must be offered unless a statutory excuse for the lack of an original exists." Charles W. Ehrhardt, 1 Fla. Prac., Evidence § 952.1 (2021 ed.); see also § 90.954, Fla. Stat. (2021). It "does not require the introduction of written or physical evidence whenever it is available in

4

preference to oral testimony." Ehrhardt, <u>supra</u>, § 952.1. In Florida, the text of the best evidence rule "only applies to writings, recordings, and photographs." <u>G.E.G.</u>, 417 So. 2d at 977.

In <u>G.E.G.</u>, however, our highest court applied the "spirit" of the best evidence rule to controlled substances, holding "that when a defendant is charged with possession of a controlled substance, that substance, if available, must be introduced into evidence. . . ." <u>Id.</u> However, <u>G.E.G.</u> "has not been extended beyond controlled substances" to other forms of physical evidence, Ehrhardt, <u>supra</u>, § 952.1, and we decline to do so here.

Hernandez also relies on § 379.3381, which permits photographic evidence to be used as competent evidence in prosecutions under Florida's Fish and Wildlife Statute, provided the photographs are properly authenticated. The State focuses on the permissive language in the statute, arguing that: "This statute states that pictures 'may be' substituted in favor of bringing dead wildlife into court and that doing so is competent evidence." On its face, the language used in the statute is permissive. It does not exclude testimony alone. Therefore, we decline to do so here.

Affirmed.