602 So.2d 617 (1992)
Victor CAMJI and Georgina Camji, Appellants,
v.
Harry B. HELMSLEY, et al., Appellees.
No. 92-1326.
District Court of Appeal of Florida, Third District.
July 7, 1992.
*618 Mandler & Silver, and Scott M. Bernstein, Miami, for appellants.
Heller and Chames and Jonathan A. Heller, Miami, Donald J. Harmon, New York City, for appellees.
Before SCHWARTZ, C.J., and HUBBART and LEVY, JJ.
LEVY, Judge.
Plaintiffs Victor and Georgina Camji, the owners of property in downtown Miami, appeal the trial court's entry of an "Order Preserving the Status Quo" restraining the plaintiffs from removing a garbage bin on their property, which was being used by their neighboring property owners, defendants Harry B. Helmsley, et al. The defendants had maintained the garbage bin on the plaintiffs' property for several years under a claim of the right to an easement, prior to the time the plaintiffs filed this ejectment action seeking damages and to quiet title.
Sometime thereafter, the defendants were advised that the plaintiffs were sending a tow truck and police officer to the property, to forcibly remove the garbage bin. The defendants sought an emergency hearing to enjoin the plaintiffs from removing the garbage bin. In furtherance of obtaining such an injunction, appellees' counsel went to the trial judge's chambers seeking an emergency hearing. After asking appellees' counsel about the nature of the hearing that they were seeking, the trial judge then contacted appellants' counsel by telephone, thus allowing both sides to present their arguments concerning the entry of the injunction. Thereafter, the trial court entered the order which is the subject of this appeal. The order in question, which is entitled "Order Preserving Status Quo", stated that the garbage bin was to remain on the plaintiffs' property until further order from the trial court. The plaintiffs' Emergency Motion to Vacate Injunction Order was denied, and the plaintiffs appeal.
The defendants candidly acknowledge that the "Order Preserving Status Quo" does not meet the requirements for an injunction as set forth by Rule 1.610 of the Florida Rules of Civil Procedure. Specifically, the Order does not show that immediate and irreparable injury will result if the injunction is not entered, or that counsel for the defendants had certified in writing regarding any efforts that had been made to give advance notice regarding the hearing, or any reasons why such notice should not have been required. Furthermore, no written motion was filed seeking the entry of the injunction. Under such circumstances, a temporary injunction order is defective and is reversible on appeal. See Wasserman v. Gulf Health, Inc., 512 So.2d 234 (Fla. 2d DCA 1987); Orange County v. Webster, 503 So.2d 988 (Fla. 5th DCA).
However, the defendants argue that, because the Order merely seeks to preserve the "status quo," it does not constitute an "injunction" and thus it does not need to meet the requirements of Rule 1.610. This is obviously incorrect. The very purpose of a temporary injunction is to preserve the status quo in order to prevent irreparable harm from occurring before a dispute is resolved. Bailey v. Christo, 453 So.2d 1134 (Fla. 1st DCA 1984), review denied, 461 So.2d 113 (Fla. 1985); City of Miami Springs v. Steffen, 423 So.2d 930 (Fla. 3d DCA 1982); Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., Southern Greyhound Division, 212 So.2d 365 (Fla. 4th DCA 1968). The Order in this case, by preserving the status quo, prohibited the plaintiffs from removing the garbage bin on their property, and clearly constituted a temporary injunction.
Having established that the Order does constitute a temporary injunction, we find *619 the Order defective for the above stated reason, and reverse.
Reversed.