655 So.2d 1284 (1995)
In the Interest of J.G., a child.
No. 94-1984.
District Court of Appeal of Florida, Fourth District.
June 7, 1995.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
STEVENSON, Judge.
J.G., a juvenile, challenges the trial court's denial of his motion for judgment of acquittal on the charge of criminal mischief. Because the doctrine of transferred intent was improperly applied to the facts of this case, we reverse.
*1285 At trial, it was established that J.G. intended to strike the victim with his closed fist but instead struck the victim's automobile, shattering the rear window. After closing arguments, the trial judge stated, "there's no doubt in my mind he hit that window, but I don't think that's what he meant to hit." The trial judge asked both defense counsel and the prosecutor to do some additional legal research to determine "if you intend to strike a person and hit an object and cause damage ... whether that will qualify for criminal mischief". At a subsequent hearing, neither counsel produced any additional authority on the trial court's point of inquiry. Finding that the doctrine of "transferred intent" applied, the trial court found J.G. guilty of criminal mischief. We reverse.
The doctrine of transferred intent was recently addressed in D.J. v. State, 651 So.2d 1255 (Fla. 1st DCA 1995). There, a high school student was adjudicated delinquent after being found guilty of attempted battery on a school employee and affray. The defendant was involved in a schoolyard fistfight with another student when he mistakenly struck an assistant principal who was attempting to stop the fight. In reversing the finding of guilt on the attempted battery of a school employee charge, the court stated:
We agree with the appellant that the doctrine of transferred intent will not sustain the finding of guilt. As we held in Mordica v. State, 618 So.2d 301 (Fla. 1st DCA 1993), the doctrine only operates to transfer the defendant's intent as to the intended victim to the unintended victim. Thus, only the appellant's intent to strike his opponent  a student  could be transferred, and there could be no intent to strike a school employee.
Id. at 1256.
Similarly, in the instant case, only J.G.'s intent to strike his intended victim  a person  could be transferred. The offense of criminal mischief requires that the actor possess the specific intent to damage the property of another.[1] The intent to damage the property of another does not arise by operation of law where the actor's true intention is to cause harm to the person of another. The doctrine of transferred intent could only operate to transfer J.G.'s intent to commit an offensive touching, (i.e., a battery), and since there is no such charge possible against an inanimate object, the doctrine is simply not applicable in the present case.
Accordingly, because the criminal mischief statute requires that the offender act against the property of another willfully and with malice, we hold that the trial court erred in denying J.G.'s motion for judgment of acquittal.
Reversed.
WARNER and POLEN, JJ., concur.
NOTES
[1] Section 806.13(1)(a), Florida Statutes (1993) provides in part that

A person commits the offense of criminal mischief if he willfully and maliciously injures or damages by any means any real or personal property belonging to another ...