PER CURIAM.
C.B. appeals from an adjudication of delinquency for the crimes of criminal mischief and petit theft. He challenges only his adjudication on the criminal mischief charge.
Officer Alvarez saw C.B. stick a hanger into a Metrorail turnstile. Between efforts at “working” the hanger, the Officer saw C.B. check the coin return. From a distance of seventy-eight feet, Alvarez admitted that he did not actually see the wire enter any of the holes in the turnstile. He also admitted that he never saw C.B. remove any coins from the turnstile, that he never saw C.B. with any coins in his hands, and that he did not remember C.B. placing coins in his pockets. The officer testified that following the turnstile incident but prior to arrest, he observed C.B. enter an arcade. At the time of arrest, no coins were recovered from C.B.’s person.
After C.B.’s arrest, Officer Alvarez did not cordon off or otherwise protect the turnstile in question from possible tampering by other persons, nor did he inspect the turnstile to determine if it was damaged.
The only other witness called by the state was Cynthia Parchman. Ms. Parchman is an employee of Metro-Dade Transit who testified that whenever a hanger is placed inside a turnstile in such a way as to make it “pop,” the damage caused to the internal mechanism is $500. Although Ms. Parchman did not witness the incident and did not inspect the allegedly damaged turnstile, she received a report on it the next day. Ms. Parchman was not qualified as the custodian of records for Metro Transit nor was the report she alluded to introduced into evidence.
At the close of the State’s case, C.B. moved for a judgment of acquittal on the grounds that the State failed to establish a prima facie case of criminal mischief — specifically, that there was no testimony from Officer Alvarez or Ms. Parchman that the turnstile was actually damaged. We agree and reverse.
C.B. was charged with committing criminal mischief in violation of section 806.13(l)(b)2, Florida Statutes (1997). The pertinent language therein reads as follows:
A person commits the offense of criminal mischief if he or she willfully and maliciously injures or damages by any means any real or personal property belonging to another ...
(Emphasis added). See also J.R.S. v. State, 569 So.2d 1323, 1325 (Fla. 1st DCA 1990) (“Damage to the property of another is an essential element of the offense of criminal mischief’); Valdes v. State, 510 So.2d 631, 632 (Fla. 3d DCA 1987) (same). This record is devoid of any evidence of damage to the turnstile in question. Neither the officer nor Ms. Parchman ever saw any damage to the turnstile. When Ms. Parchman sought to offer the contents of the report she had received, C.B. objected and the objection was sustained. Consequently, no evidence was ever offered to support the allegation that the turnstile in question had actually been damaged. C.B.’s motion for judgment of acquittal should therefore have been granted.
Reversed and remanded to discharge C.B. on the charge of criminal mischief only.
SHEVIN and SORONDO, JJ., concur.