909 So.2d 981 (2005)
Jose Perez SANCHEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2234.
District Court of Appeal of Florida, Fifth District.
September 9, 2005.
*982 James S. Purdy, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Jose Perez Sanchez entered a convenience store and attempted to purchase merchandise with a credit card that did *983 not belong to him. Upon examination of the requested identification that revealed Sanchez was not the owner of the credit card, the clerk refused to return the card and attempted to call the police. Sanchez leapt over the counter to forcibly retrieve the credit card, and a struggle ensued during which Sanchez bit the clerk on the hand with sufficient force to cause bleeding. During the melee, the clerk dropped the telephone and it broke. When the clerk retreated outside to summon help, Sanchez took several items from the counter and left.
The police subsequently found Sanchez hiding in a shed located nearby. He was apprehended and charged with robbery and criminal mischief. The basis of the latter charge was the broken telephone. During the trial, counsel for Sanchez requested a judgment of acquittal, contending that the State failed to establish a prima facie case of robbery and criminal mischief. The trial court denied that request and this appeal followed.
We apply the de novo standard of review when reviewing a trial court's denial of a motion for judgment of acquittal. Pagan v. State, 830 So.2d 792 (Fla. 2002), cert. denied, 539 U.S. 919, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003); Sutton v. State, 834 So.2d 332, 334 (Fla. 5th DCA 2003). Generally, we will affirm the trial court's denial of that motion if the record reveals substantial competent evidence to support the conviction. Fitzpatrick v. State, 900 So.2d 495 (Fla.2005). "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." Id. at 507 (citation omitted); see also Sutton.
Sanchez argues that he had permission of the owner to use the credit card and the clerk's apparent act of bravado in refusing to return it was nothing more than wrongful deprivation of property that rightfully belonged to his friend. More importantly, Sanchez asserts, he paid for the items he took from the store and the State did not produce sufficient evidence to prove otherwise. But the clerk testified to the contrary, creating a conflict in the testimony that was resolved by the jury in favor of the State. We believe that a rational jury could find beyond a reasonable doubt, based on the clerk's testimony, that Sanchez did take the items without paying for them. Because substantial competent evidence supports the jury's finding of unlawful taking, we reject Sanchez's argument.
Sanchez advances an alternative claim: if he actually took the items without paying for them, as the clerk contends, his conduct did not rise to the level of robbery because the taking was accomplished by a mere "sudden snatching," which amounts to nothing more than petit theft. The distinction between the two crimes, according to Sanchez, is one of force. We agree that the element of force appropriately distinguishes the two crimes: force utilized in the course of the taking is a necessary element of robbery, but it is not a necessary element of petit theft. See § 812.13(1), Fla. Stat. (2004) (requiring the State to show that "in the course of the taking there is the use of force, violence, assault, or putting in fear" to prove the crime of robbery); Robinson v. State, 692 So.2d 883, 887 (Fla.1997) ("Florida courts have consistently recognized that in snatching situations, the element of force as defined herein distinguishes the offenses of theft and robbery.") (citations omitted); Jones v. State, 652 So.2d 346 (Fla.1995), cert. denied, 516 U.S. 875, 116 S.Ct. 202, 133 L.Ed.2d 136 (1995).
*984 However, substantial competent evidence was presented to the jury that draws a very clear line between the two offenses in the instant case sufficient for us to conclude that the crime Sanchez actually committed was robbery. The record reveals sufficient evidence of force and violence preceding the taking of the items by Sanchez such that the taking was enabled: Sanchez bit the clerk as they scuffled behind the counter, causing the clerk to flee for help and leaving Sanchez unobstructed as he helped himself to the items on the counter just before he departed. The fact that the violence occurred prior to the actual taking does not help Sanchez because an act is considered "`in the course of the taking' if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events." Jones, 652 So.2d at 349 (quoting § 812.13(3)(b), Fla. Stat. (1989)). We conclude, therefore, that the trial court correctly denied Sanchez's request for a judgment of acquittal regarding the robbery charge.
As to the criminal mischief conviction, Sanchez argues that his request for judgment of acquittal should have been granted because the State failed to present sufficient evidence to prove that he intended to damage the telephone. The State contends that Sanchez failed to properly preserve this argument for our review because he did not raise it in the trial court when he made his request for judgment of acquittal regarding the criminal mischief charge.
Litigants, including criminal defendants, must properly preserve for review the issues raised in the appellate court by raising them first in the trial court. Commonly referred to as the contemporaneous objection rule, a litigant must preserve a specific issue by: 1) making a timely contemporaneous objection in the trial court; 2) stating the legal grounds for that objection; and 3) raising the specific argument in the appellate court that was asserted as the legal ground for the objection or motion made in the trial court. Harrell v. State, 894 So.2d 935 (Fla.2005). The record reveals that Sanchez did not comply with these requirements. Now we must determine whether the exception to the contemporaneous objection rule allows us to proceed to consider the specific argument raised by Sanchez.
The sole and limited exception just referred to allows us to review and correct fundamental errors. It is the definition of fundamental error that draws the boundaries of the exception so narrowly: an error is fundamental if it "reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Anderson v. State, 841 So.2d 390, 403 (Fla.2003), cert. denied, 540 U.S. 956, 124 S.Ct. 408, 157 L.Ed.2d 292 (2003) (citation omitted). Thus, "rarely will an error be deemed fundamental, and the more general rule requiring a contemporaneous objection to preserve an issue for appellate review will usually apply." F.B. v. State, 852 So.2d 226, 229-30 (Fla.2003). The essence of the error alleged by Sanchez is based on the insufficiency of the evidence produced by the State. Although the general rule requiring a contemporaneous objection applies to errors based on the insufficiency of the evidence, there are two limited categories of such error that are fundamental: 1) errors committed in death penalty cases; and 2) instances where the "evidence is totally insufficient as a matter of law to establish the commission of a crime." Id. at 230. The instant case falls within the latter category as we will next explain.
Three elements must be sufficiently established to prove the crime of criminal *985 mischief: 1) the defendant injured or damaged specified property; 2) the property belonged to another; and 3) the injury or damage was inflicted willfully and maliciously. § 806.13, Fla. Stat. (2004); see also Insignares v. State, 847 So.2d 1063, 1064 (Fla. 3d DCA 2003) (acknowledging that the offense of criminal mischief requires that the defendant intend to damage the property of another); C.B. v. State, 721 So.2d 785 (Fla. 3d DCA 1998) (holding that damage to the property of another is an essential element of the offense of criminal mischief).
The offense of criminal mischief derives from the common law offense of "malicious mischief." See Reed v. State, 470 So.2d 1382 (Fla.1985). Explicit in its common law moniker is the requirement that the defendant's wrongful act be committed with malice. The traditional common law concept of malice, within the context of the crime of malicious mischief, incorporated the general notion that the offense was committed out of ill will or hatred toward the owner of the property. See Robinson v. State, 686 So.2d 1370, 1372 (Fla. 5th DCA 1997), review denied, 695 So.2d 701 (Fla.1997). The element of malice also contemplated that the malicious intent could, alternatively, be directed toward the property of the owner. Id.
The common law offense of malicious mischief evolved into the statutory crime of criminal mischief. Without recounting every step in the evolutionary process, see Reed, 470 So.2d at 1387 n. 5, suffice it to say that the malice requirement morphed from inclusion of ill will or hatred toward the owner of the property into a statutory element that specifically requires willful and malicious intent to injure or damage the property of the owner. Hence, although malice was incorporated into the provisions of section 806.13 as an element of the offense of criminal mischief, the mischief criminalized under this statute requires that the defendant specifically intend to damage or destroy the property of another: it is not enough that the defendant act with malice toward the person of the owner. In the Interest of J.G., 655 So.2d 1284, 1285 (Fla. 4th DCA 1995) ("The offense of criminal mischief requires that the actor possess the specific intent to damage the property of another. The intent to damage the property of another does not arise by operation of law where the actor's true intention is to cause harm to the person of another.") (footnote omitted); Insignares. Failure of proof of this element of the crime is fatal.
Here, the defendant, with ill will and malice toward the clerk attempted to rob him and in the process, the clerk's telephone was damaged. There is no evidence that the ill will or malice was in any way redirected from the clerk to the telephone. Accordingly, the State failed to prove that the crime of criminal mischief was committed. This constitutes fundamental error that we must correct by reversing Sanchez's conviction for that charge.
We acknowledge that Sanchez expended most of his efforts seeking reversal of the robbery conviction. While those efforts proved unsuccessful, he has obtained a reversal of his misdemeanor conviction for criminal mischief. Perhaps he will consider this limited victory diminished by the fact that he has already served the jail sentence imposed for that charge. But our reversal will extract that conviction from his criminal record, and Sanchez will have to content himself with that.
AFFIRMED in part; REVERSED in part.
PLEUS, C.J. and ORFINGER, J., concur.