NORTHCUTT, Judge.
Charles Stinnett’s resort to gunplay after his ejection from a nightclub led to his convictions for aggravated assault and criminal mischief. He has appealed. We affirm the conviction for aggravated assault without discussion, but we reverse the conviction for criminal mischief.
In the waning hours of 2003, Stinnett and two friends, the Prescott brothers, went to the Buck Wild nightclub to celebrate New Year’s Eve. They began their observance before arriving at the club, consuming a twelve-pack of beer en route. At the Buck Wild the celebrants continued to drink, to the point that even before midnight one of the Prescotts threw in the towel and went outside to sleep in Stin-nett’s truck. Sometime after midnight, Stinnett and the remaining Prescott were asked to leave after they got into a fight with other revelers. Outside the club Stin-nett fell into another altercation, which was broken up by bouncers. As Stinnett and Prescott made their way to Stinnett’s truck, Prescott continued arguing with other men in the parking lot, including one named Sean Kerans.
Testifying at his trial, Stinnett claimed that the bouncers beat him up and choked him, although no one else saw this occur. He also maintained that someone fired a shot that hit his windshield, but no one else witnessed this. Stinnett admitted that, as he drove, he fired two shots from a revolver. He said that he fired the first shot in the air and that he fired the second shot by accident when his foot slipped off the clutch. Fortunately, no one was hit.
Of the witnesses to the shooting, only the club owner saw both shots fired. He recounted that Stinnett stuck the gun out of the truck’s window and fired the first shot without looking where he was shooting. The club owner and two other witnesses testified that Stinnett then aimed his gun directly at Sean Kerans and fired. The shot missed Kerans but hit a parked car. As it happened, the car belonged to a woman with whom Stinnett had danced during the festivities earlier in the evening. This woman had not been involved in Stinnett’s ouster from the Buck Wild or in the events that followed.
Based on the damage to the car, Stinnett was charged with and, ultimately, convicted of criminal mischief. Stinnett argues that this conviction was fundamental error because there was no proof of an essential element of the crime, that being his intent to injure another’s property. See F.B. v. State, 852 So.2d 226, 230 (Fla. 2003) (stating that fundamental error occurs “when the evidence is insufficient to show that a crime was committed at all”).
Criminal mischief occurs when one “willfully and maliciously injures or damages by any means any real or personal property belonging to another[.]” § 806.13(l)(a), Fla. Stat. (2003) (emphasis supplied). As explained in the standard jury instruction, the State must prove three elements to convict of criminal mischief:
1. (Defendant) injured or damaged (copy from charge).
2. The property injured or damaged belonged to (person alleged).
3. The injury or damage was done willfully and maliciously.
[[Image here]]
“Willfully” means intentionally, knowingly, and purposely.
“Maliciously” means wrongfully, intentionally, without legal justification or excuse, and with the knowledge that injury *634 or damage will or may be caused to another person or the property of another person.
Fla. Std. Jury Instr. (Crim.) Criminal Mischief.
To be guilty of this crime the defendant must specifically intend to damage or destroy the property of another. Sanchez v. State, 909 So.2d 981, 985 (Fla. 5th DCA 2005) (tracing evolution of modern crime from common law offense). Moreover, an intent to damage the property of another does not arise by operation of law where the defendant’s true intention is to cause harm to the person of another. In re J.G., 655 So.2d 1284, 1285 (Fla. 4th DCA 1995); see also H.F. v. State, 927 So.2d 163, 164 (Fla. 3d DCA 2006) (reversing conviction for criminal mischief when State’s evidence was insufficient to support a finding that the defendant intended to damage or destroy the victim’s property). Failure to prove this element of the offense is fatal. Sanchez, 909 So.2d at 985 (reversing conviction for criminal mischief as fundamental error when evidence failed to show defendant’s specific intent to damage property).
Here, Stinnett’s second shot struck a car, thus damaging the property of another. The evidence showed either that Stin-nett fired the shot accidentally or that the shot hit the car when it missed the person Stinnett was attempting to shoot. Either way, there was no evidence that Stinnett intended to damage the car. Accordingly, we reverse the conviction for criminal mischief.
Affirmed in part, reversed in part, and remanded.
SALCINES and LaROSE, JJ., Concur.