978 So.2d 830 (2008)
WAVESTONE PROPERTIES, LLC, and 17315 Collins Avenue, LLC, Appellants,
v.
FORTUNE DEVELOPMENT SALES CORPORATION, Appellee.
Nos. 3D07-1799, 3D07-1798.
District Court of Appeal of Florida, Third District.
March 26, 2008.
Gray Robinson, P.A., and Monterey Campbell, III, and Kristie Hatcher-Bolin, Lakeland; Gary S. Salzman, Orlando, and Jeffrey T. Kuntz, Fort Lauderdale, for appellants.
Kenny Nachwalter and Richard H. Critchlow and Christina M. Ceballos-Levy and Robert J. Alwine, II, Miami, for appellee.
Before COPE, WELLS, and ROTHENBERG, JJ.
COPE, J.
This is an appeal of an order granting a temporary injunction and other relief in proceedings supplementary. We affirm in part and reverse in part.
Plaintiff Fortune Development Sales Corporation obtained a final judgment for $1,509,899 against defendant-appellant Wavestone Properties, LLC. The judgment was entered after a bench trial determining that Wavestone had breached an exclusive real estate listing agreement between Fortune, as broker, and Wavestone.
Wavestone and defendant-appellant 17315 Collins Avenue, LLC are parent and subsidiary companies. The subsidiary, 17315, owns real estate at 17315 Collins Avenue on which a condominium building is being developed. The parent company, Wavestone, owns the membership interests *831 in 17315, and is the managing member of 17315.
In 2003, Wavestone and Fortune entered into the exclusive real estate listing agreement whereby Fortune would market and sell the condominium units. Wavestone later terminated that agreement. After a bench trial, the court found Wavestone had breached the contract. The court awarded $1,509,899 in damages.
Fortune initiated proceedings supplementary. See § 56.29, Fla. Stat. (2007). At a hearing, the trial court imposed a temporary injunction freezing the net proceeds from the closing of sales of the condominium units. The court also pierced the corporate veil and allowed the judgment against Wavestone to operate as a lien against the real estate owned by 17315. This appeal followed.
We reverse the temporary injunction against 17315, and the order impressing the judgment lien upon the property owned by 17315. We do so because the request for this relief had not been noticed for hearing, and there was a timely objection on this ground.
In the postjudgment proceedings, Fortune filed two different motions. One of these was a motion for proceedings supplementary in aid of execution. Fortune sought to compel Wavestone to appear for examination regarding Wavestone's financial matters. See id. § 56.29(4). By separate motion, Fortune also moved to implead 17315 as a third party in the proceedings supplementary. This motion was granted, and 17315 filed a motion to dismiss.
The trial court entered an order requiring Wavestone to appear before the trial judge on May 17, 2007 to be examined concerning its property. By agreement of the parties, the court entered an order rescheduling this examination for June 1, 2007.
On May 30, Fortune filed a memorandum outlining the relief which it sought during the proceedings supplementary. The memorandum included a request for a temporary injunction and imposition of the judgment lien on the property of 17315.
At the hearing on June 1, Fortune presented an opening statement in which it requested the temporary injunction against Wavestone and 17315, and imposition of the judgment lien against 17315. In response, defense counsel objected that 17315 "is not a party to these proceedings today so with respect to any actions taken against them today or an attempt to I would object to that." Over that objection, the court entertained Fortune's request for relief. Defense counsel reiterated the objection twice later in the proceedings.
The defense objection was well taken. The only matter which had been noticed for hearing on June 1 was the statutory examination of Wavestone regarding its "business and financial interests . . . which may tend to show what property he or she has and its location." Id.
It is true that in addition to the court order requiring Wavestone to be present for examination on June 1, Fortune also sent out a renotice of hearing stating that the matter to be heard was "Proceedings Supplementary to Execution." That renotice was directed to Wavestone, not 17315. Further, when that renotice was sent, Fortune had filed nothing which requested injunctive or other relief. Since defense counsel's objection with regard to 17315 was well taken, the objection should have been sustained and the request for relief against 17315 should not have been considered. See First Union National Bank v. Peoples National Bank of Commerce, 644 So.2d 538, 539 (Fla. 3d DCA 1994); see also Connell v. Capital City *832 Partners, LLC, 932 So.2d 442, 443-44 (Fla. 3d DCA 2006); Camji v. Helmsley, 602 So.2d 617, 618 (Fla. 3d DCA 1992). We therefore reverse the temporary injunction against 17315 and reverse that part of the order which imposed the judgment lien on the property of 17315. Because we are reversing all relief as to 17315, we need not reach the defendants' alternative argument that the trial court erred by piercing the corporate veil.
Our reversal is without prejudice to Fortune to file a motion for temporary injunction or other relief on remand, and to schedule a hearing on proper notice. It was procedurally incorrect to place the request for temporary injunction and other relief in a memorandum without filing a motion. Further, any request to pierce the corporate veil must satisfy the standards of Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984). We express no opinion on the merits of any motion Fortune may file.
Because defense counsel did not make an objection regarding lack of notice with respect to Wavestone, we do not disturb the temporary injunction against Wavestone. We leave it intact solely on the basis that Wavestone is the actual judgment debtor, and not on any theory of piercing the corporate veil. The temporary injunction would therefore apply only to closing proceeds which reach Wavestone's custody, but does not reach closing proceeds in the custody of 17315.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.