CORTIÑAS, J.
Upon learning that the Historical Preservation Board of the City of Sunny Isles Beach (the “City”) was planning to hold a hearing to vote on whether to designate Temple B’Nai Zion (the “Temple”) a historic site, and thereby thwart the Temple’s plans for demolition and expansion, the Temple requested that the City participate in nonbinding mediation to resolve the dispute. When the City refused, the Temple obtained from the circuit court an order to show cause why that court should not issue a -writ of mandamus (the “Order”).[1] The Order further provided that “[djuring the pendency of this case, the City may not designate the aforementioned property as a historic site.” Upon review, we find the Order to be legally insufficient and therefore reverse.
Our standard of review affords a trial court broad discretion in granting temporary injunctions, Sacred Family Invs., Inc. v. Doral Supermkts., Inc., 20 So.3d 412, 415 (Fla. 3d DCA 2009) (quoting Carricarte v. Carricarte, 961 So.2d 1019, 1020 (Fla. 3d DCA 2007)), and “we must affirm unless the appellant establishes that the trial court committed a clear abuse of discretion.” Cohen Fin., LP v. KMC/EC II, LLC, 967 So.2d 224, 226 (Fla. 3d DCA 2007) (citing Millennium Commc’ns & Fulfillment, Inc. v. State, 761 So.2d 1256 (Fla. 3d DCA 2000)).
The Temple argues that the order was not a temporary injunction because the underlying proceeding was a petition for a writ of mandamus and therefore the order “simply impose[d] a brief ‘stay’ on the proceedings” to “preserve the status quo.” However, “[t]he *906 very purpose of a temporary injunction is to preserve the status quo in order to prevent irreparable harm from occurring before a dispute is resolved. The Order in this case, by preserving the status quo ... clearly constituted a temporary injunction.” Camji v. Helmsley, 602 So.2d 617, 618 (Fla. 3d DCA 1992) (citations omitted); see also Spradley v. Old Harmony Baptist Church, 721 So.2d 785, 737 (Fla. 1st DCA 1998) (holding that although an order is not styled as such, its language “is nevertheless injunctive and must comply with the requirements for issuance of an injunction”). Therefore, “[w]e agree with petitioners that because the subject order is in the nature of an injunction, it ... is reviewable as a non-final order granting an injunction pursuant to rule 9.130(a)(3)(B), Florida Rules of Appellate Procedure.” Rodriguez ex rel. Posso-Rodriguez v. Feinstein, 734 So.2d 1162, 1163 n. 1 (Fla. 3d DCA 1999) (citations omitted).
The City’s arguments regarding the legal insufficiency of the injunction are well taken. We agree that the Order to Show Cause
does not meet the requirements for an injunction as set forth by Rule 1.610 of the Florida Rules of Civil Procedure. Specifically, the Order does not show that immediate and irreparable injury will result if the injunction is not entered, or that counsel for the defendants had certified in writing regarding any efforts that have been made to give advance notice regarding the hearing, or any reasons why such notice should not have been required.... Under such circumstances, a temporary injunction order is defective and is reversible on appeal.
Camji 602 So.2d at 618; see Fla. R. Civ. P. 1.610(a)(1)(A),(B). The Order is further defective because Rule 1.610 also
requires a court’s injunctive order to “specify the reasons for entry” of the injunction, and this court has emphasized that “[cjlear, definite, and unequivocally sufficient factual findings must support each of the four conclusions[2] necessary to justify entry of a preliminary injunction.” [City of Jacksonville v. Naegele Outdoor Adver. Co., 634 So.2d 750, 754 (Fla. 1st DCA 1994)]. The court’s order in this ease does not contain any findings or provide any reasons for issuing the injunction.
Spradley, 721 So.2d at 737; Bieda v. Bieda, 42 So.3d 859 (Fla. 3d DCA 2010); see Fla. R. Civ. P. 1.610(c). Finally, “[u]nder Rule 1.610[ (b) ] ... the court should have required that a bond be posted. Failure to do so is reversible error.” Spradley, 721 So.2d at 738 (citing United Farm Workers of Am., AFL-CIO v. Quincy Corp., 681 So.2d 773, 777 (Fla. 1st DCA 1996) (finding error in failure to require a bond where Rule 1.610(b) requires bond and no rule exceptions applies); Hathcock v. Hathcock, 533 So.2d 802, 804 (Fla. 1st DCA 1988)).
We hold that the trial court clearly abused its discretion by entering a de facto injunctive order that failed to comply with the legal requirements of Rule 1.610. Such an order cannot stand.
Reversed and remanded.

. The Order, entered pursuant to section 70.51, Florida Statutes, was ex parte.

. "A party seeking a temporary injunction must establish that: (1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest.” Sacred Family, 20 So.3d at 415 (citations omitted). The Temple's Petition for Writ of Mandamus failed to address any of these factors.