# Third District Court of Appeal

## State of Florida

Opinion filed February 24, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2119
Lower Tribunal No. 13-10381
_____


**CJM Partners, LLC,**
Appellant,

vs.

**Minerva Di Giacomo,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Rodrigo S. Da Silva, for appellant.

Equels Law Firm and Laura M. Fabar; Andrew M. Kassier, for appellee.


Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

EMAS, J.

In this dissolution of marriage case between Appellee Minerva Di Giacomo and Jesus E. Arancibia, the trial court entered an order temporarily enjoining the impleaded third-party defendant, CJM Partners, LLC ("CJM")[1] from disposing of any of its assets without court order or agreement. That order was entered without requiring the posting of a bond by Appellee. CJM moved to dissolve the temporary injunction for this reason. A hearing on the motion to dissolve was held on September 11, 2015. During the hearing, the court orally ruled that it was granting CJM's motion to dissolve the injunction. However, the written order rendered by the court that same day conflicted with the oral pronouncement in that the written order, by its express language, continued to prohibit CJM from disposing of any of its assets without further court order or agreement. Thus, the written order did not grant the motion to dissolve, but rather denied the motion to dissolve, keeping the temporary injunction in place and doing so without requiring the posting of a bond.

We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(3)(B). We reverse the order upon our determination that the temporary

---

[1] CJM was joined as a party to the dissolution action following Di Giacomo's allegation, in her amended petition for dissolution, that her husband Jesus Arancibia was using CJM as his alter ego and had "received and transferred significant sums in and out of its accounts." The record below indicates that Jesus Arancibia owns 5 percent of the membership interests of CJM while Carlos Arancibia (the father of Jesus Arancibia) owns 95 percent of the membership interests of CJM.

injunction was entered in violation of Florida Rule of Civil Procedure 1.610(b), which provides: "No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." The trial court's issuance of a temporary injunction without setting a bond and requiring its posting, pursuant to rule 1.610(b), was an abuse of discretion. City of Sunny Isles Beach v. Temple B'Nai Zion, Inc., 43 So. 3d 904 (Fla. 3d DCA 2010).[2]

---

[2] Further, and although not necessary to our decision, we note that the trial court determined that CJM was governed by Administrative Order 1-14-13. However, the Administrative Order by its terms applies only to "both parties in an original dissolution of marriage or paternity action." Paragraph seven of that administrative order provides in relevant part:

> **DISPOSITION OF ASSETS AND CASE**: Neither party in a dissolution of marriage action will conceal, damage, nor dispose of any asset, whether jointly or separately owned, nor will either party dissipate the value of any asset (for example, by adding a mortgage to real estate) except by written consent of the parties or an order of court.

See Eleventh Judicial Circuit of Miami-Dade County Administrative Order No. 1-14-13, available at
 http://www.jud11.flcourts.org/documents/Administrative_Orders/01-14-13-Adoption%20of%20and%20Authorization%20to%20utilize%20Status%20Quo%20Temporary%20Domestic%20Relations%20Order,%20with%20or%20without%20Minor%20Children%20-%20No%20Signature.pdf (site last visited February 9, 2016).

Additionally, this administrative order cannot take precedence over rule 1.610 and, to the extent they are in conflict, the statewide rule of procedure prevails. See Bathurst v. Turner, 533 So. 2d 939, 941 n.4 (Fla. 3d DCA 1988); Fla.

We reverse the order on appeal, with one exception. We affirm that portion of the order which, as stipulated to by CJM, Minerva Di Giacomo, and Jesus Arancibia, provided that CJM may "transfer the shares of Futsal Center, LLC in connection with a settlement agreement in case no. 15-5298 CA40" and which further provided that "[a]ll settlement due under the settlement terms shall be held in escrow by Zumpano Castro trust account and there shall be no disbursements absent court order."

Affirmed in part, reversed in part, and remanded.

---

R. Jud. Admin. 2.120(b)(1) (defining "local court rule" as "[a] rule of practice or procedure for circuit or county application only that, because of local conditions supplies an omission in or facilitates application of a rule of statewide application and does not conflict therewith").