NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN ALLEN,                                )
                                           )
            Appellant,                     )
                                           )
v.                                         )          Case No. 2D15-2615
                                           )
STATE OF FLORIDA,                          )
                                           )
            Appellee.                      )
_____)

Opinion filed July 6, 2016.

Appeal from the Circuit Court for DeSoto
County; James S. Parker, Judge.

Howard L. Dimmig, II, Public Defender, and
Megan Olson, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


KHOUZAM, Judge.

        John Allen appeals his judgment and sentences for aggravated battery

and felony criminal mischief.  The State concedes error with respect to Allen's claim that

the evidence was insufficient to support his mischief conviction.  We reverse Allen's

conviction and sentence for felony criminal mischief. We decline to address the remaining issues raised by Allen and otherwise affirm.

The charges in this case stem from Allen's battery of another patron at a bar. During the altercation, a bystander attempted to separate Allen from the victim. In the scuffle, a portion of the bar was uprooted, causing damage to the bar and the drink equipment behind it. The damage to the bar and equipment served as the basis of the criminal mischief charge.

The crime of criminal mischief requires a showing that the defendant "willfully and maliciously injures or damages" the property of another. § 806.13(1)(a), Fla. Stat. (2013). "To be guilty of this crime the defendant must specifically intend to damage or destroy the property of another. Moreover, an intent to damage the property of another does not arise by operation of law where the defendant's true intention is to cause harm to the person of another." Stinnett v. State, 935 So. 2d 632, 634 (Fla. 2d DCA 2006) (citation omitted). Here, as the State properly concedes, there was no evidence presented that Allen intended to cause damage to the bar or equipment. Accordingly, we reverse his conviction and sentence for criminal mischief.

Affirmed in part, reversed in part, and remanded.

VILLANTI, C.J., and SALARIO, J., Concur.