# Third District Court of Appeal

## State of Florida

Opinion filed November 23, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1435
Lower Tribunal No. 16-2619
_____

### Aligned Bayshore Marina, LLC,
Appellant,

vs.

### American Watersports Coconut Grove, LLC,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Keller & Bolz and John W. Keller, III, for appellant.

Heller Waldman and Glen H. Waldman and Michael A. Sayre, for appellee.

Before SALTER, FERNANDEZ and LOGUE, JJ.

PER CURIAM.

Aligned Bayshore Marina, LLC, appeals the trial court's entry of a temporary injunction in this dispute involving the extent of a tenant's rights under

a long-term lease. The trial court's order attempted to maintain the status quo between the parties, pending further resolution of the matter. However, the order is, in fact, a temporary injunction and does not satisfy the requirements of Florida Rule of Civil Procedure 1.610. Therefore, we quash the order and remand for further proceedings.

Florida Rule of Civil Procedure 1.610, Injunctions, specifies that "[n]o temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." 1.610(b). That Rule further requires that every injunction shall specify the reasons for its entry. 1.610(c). The order in this case does not comply with either requirement. Meinstein v. Travel Etc., Inc., 442 So. 2d 1085 (Fla. 3d DCA 1983).

The order on appeal fails to specify the reasons for its entry. Indust. Waste Servs., Inc. v. Faircloth Sanitation, Inc., 643 So. 2d 688 (Fla 3d DCA 1988). While the order states that it is being entered "to maintain the status quo as currently prevailing," this is insufficient, because that is the general function of every temporary injunction. City of Sunny Isles Beach v. Temple B'Nai Zion, Inc., 43 So. 3d 904 (Fla. 3d DCA 2010); Morgan v. Herff Jones, Inc., 883 So. 2d 309 (Fla. 2d DCA 2004). Clear, definite and unequivocally sufficient factual findings must justify a preliminary injunction. City of Sunny Isles, 43 So. 3d at

2

906, and 906 n.2 (reiterating that to obtain a temporary injunction a party must establish irreparable harm; no adequate remedy available at law; substantial likelihood of success of the merits; injunction will serve public interest).

Also fatal to the order is the failure to require the posting of a bond. This requirement is mandatory under Rule 1.610(b). CJM Partners, LLC v. Di Giacomo, 187 So.3d 877 (Fla. 3d DCA 2016); Diaz v. John Adcock Ins. Agency, Inc., 729 So. 2d 465 (Fla. 2d DCA 1999); Meinstein.

Accordingly, the order is reversed and remanded for dissolution of the temporary injunction.